UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| M3Girl Designs, LLC<br>　a Texas Limited Liability Company<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Blue Brownies, LLC<br>　an Arkansas Limited Liability Company,<br>Charlotte Liles,<br>　an individual residing in Arkansas,<br>Krista Dudte,<br>　an individual residing in Arkansas,<br>　　　　Defendants. | CIVIL ACTION NO. _____<br><br>3-09CV2390-F |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, M3Girl Designs, LLC, for its claims against Defendants and alleges as follows:

### THE PARTIES

1.      Plaintiff, M3 Girl Designs, LLC, is a Texas limited liability company with a principal place of business at 14456 Midway Road, Farmers Branch, Texas, 75244.

2.      Defendant Blue Brownies, LLC has a principal place of business at 16 Southshore Circle, Maumelle, Arkansas, 72113.

3.      Defendant Charlotte Liles is a citizen and resident of Arkansas, officer, director and/or managing agent of Blue Brownies, LLC, and has a principal place of business as 16 Southshore Circle, Maumelle, Arkansas, 72113.

4.      Defendant Krista Dudte is a citizen and resident of Arkansas, officer, director and/or managing agent of Blue Brownies, LLC, and has a principal place of business as 16 Southshore Circle, Maumelle, Arkansas, 72113

## JURISDICTION AND VENUE

5.   This is an action arising under the Copyright laws of the United States, the Trademark laws of the United States, and the laws of the State of Texas for misappropriation and unfair competition.

6.   The court has personal jurisdiction over all of the Defendants because each has established minimum contacts with the State of Texas relating to the controversy at issue such that the exercise of jurisdiction over the Defendants comports with due process requirements either because the Defendants are citizens of the State of Texas or because the Defendants have purposefully availed themselves of the rights and privileges of the State of Texas. Further, the Defendants committed a tort in whole or in part in the State of Texas, which may include copyright infringement, trademark infringement, misappropriation and unfair competition in the State of Texas.

6.   The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, and 1367 because there is complete diversity of citizenship between the Plaintiff and the Defendants, the amount in controversy exceeds $75,000, there is a Federal Question involved because this civil action arises under the Copyright and Trademark laws of the United States, and this Court has either original or supplemental jurisdiction over all of the claims at issue in this Action.

7.   Venue properly lies in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(a).

Original Complaint

## FACTUAL BACKGROUND

8.  Plaintiff M3Girl Designs, LLC is a business started by sisters Madeline Bradshaw and Margot Bradshaw, with the supervision and assistance of their mother, Diane Bradshaw. The business creates, manufactures and sells interchangeable bottle cap necklaces having unique artwork.

9.  Plaintiff M3Girl Designs, LLC markets and sells the bottle cap necklaces under the trademark "Snap Caps®," and has obtained United States federal trademark Registration No. 3,626,432 on that trademark.

10. The Defendants have used in commerce, on their interactive Internet website, the words "Click It Caps."

11. Three United States federal copyright registrations have been obtained covering the interchangeable bottle cap necklaces, their unique artwork, and a magnetic "keeper" board, which include United States Copyright Registration Nos. VA 1-665-063, VA 1-684-413, and VA 1-665-059. The Plaintiff has been assigned all rights to the above-identified Copyright Registrations.

12. Apart from the uniqueness of producing jewelry on the interior (inside) of the bottle cap and allowing for those jewelry designs to be interchanged with other jewelry designs, Plaintiff produces unique artwork that is covered by one or more of the above-identified U.S. Copyright Registrations, including (but not limited to): "Letters on Tye Dye," "Letters on Cheetah Spots"" "Letters on Blue Polka Dots" "Crosses (7 versions)," "Cheer," "Peace Sign," "Peace," "Peace Fingers," "Ballerina Shoes," "Guitar," "I Love Gymnastics," "Soccer Ball," "Basketball," "Volleyball," "Football," "BFF (best friends forever)," "Cupcakes (3 versions)," "Ice Cream Cone," "Butterfly (4 versions)," "Horses," "Drama Queen," "Flowers (4 versions).

13. The Plaintiff also produces three versions of unique "keeper" magnetic boards that hold the bottlecap jewelry designs having a magnetic backing.

14. The Defendants have purposefully, willfully and with bad faith intent copied the jewelry designs created by the Plaintiff, including using the unique concept of selling jewelry designs on the interior (inside) of the bottle cap.

15. The Defendants have purposefully, willfully and with bad faith intent copied the jewelry design created by the Plaintiff, including using the unique concept of selling jewelry designs on the interior (inside) of the bottle cap and allowing for those jewelry designs to be interchanged with other jewelry designs.

16. The Defendants have purposefully, willfully and with bad faith intent copied the jewelry design created by the Plaintiff, including selling jewelry designs on the interior (inside) of the bottle cap that has the following designs (but not limited to): "Letters on Tye Dye," "Letters on Cheetah Spots"" "Letters on Blue Polka Dots" "Crosses (4 versions)," "Cheer," "Peace Sign," "Peace," "Peace Fingers," "Ballerina Shoes," "Guitar," "Gymnastics," "Soccer Ball," "Basketball," "Volleyball," "Football," "BFF (best friends forever)," "Cupcakes (3 versions)," "Ice Cream Cone (3 versions)," "Butterfly (2 versions)," "Horses (2 versions)," "Drama Queen," "Flowers (4 versions)."

17. The Defendant also produces four versions of unique "keeper" magnetic boards that hold the bottlecap jewelry designs having a magnetic backing.

## COUNT I
### Copyright Infringement

18. Plaintiff repeats and realleges the allegations of paragraphs 1-13 and 15-17 as if fully set forth herein.

Original Complaint

19. The Plaintiff (and the copyright assignors) have complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, et seq., and with all other laws governing copyrights.

20. The Plaintiff has received and been assigned all right, title and interest to United States Copyright Registration Nos. VA 1-665-063, VA 1-684-413, and VA 1-665-059. (herein collectively "copyrights-at-issue").

21. The Defendants have, after the date of first use of the subject matter covered by the one or more of the copyrights-at-issue, infringed the Plaintiff's statutory and common law copyrights by copying the subject matter covered by one or more of the copyrights-at-issue, including the acts of making and distributing infringing jewelry, authorizing the making and distribution of infringing jewelry; marketing and placing in the market infringing jewelry; participating in and furthering such infringing acts, or sharing in the proceeds from such infringing acts.

22. The Plaintiff notified the Defendants about their infringement of the subject rights addressed in this Complaint on February 13, 2009 and May 15, 2009 via correspondence sent directly to the Defendants.

23. In the correspondence received on May 26, 2009 from the Defendants, the Defendants' counsel stated:

    a. the Defendants "disagree with your claim that Blue Brownies is infringing upon any of your client's alleged rights,"

    b. "Blue Brownies has serious questions as to whether your client possesses any legitimate intellectual property rights for bottlecap jewelry," and,

    c. the Blue Brownie "designs" placed on the interior of interchangeable bottlecap jewelry pieces "are different from ones created by your client,"

Original Complaint

    d. Blue Brownies "will aggressively defend its rights,"

    e. Blue Brownies "has every intention of defending and protecting its intellectual property rights."

24. After the initial notification letter to the Defendants on February 13, 2009, the Defendants have taken orders of infringing products.

25. Defendant Charlotte Liles as owner, officer/director and/or managing agent of Blue Brownies, LLC directs, controls and ratifies the actions of the Defendant Blue Brownies, LLC, including the infringing activities identified above.

26. Defendant Krista Dudte owner, officer/director and/or managing agent of Blue Brownies, LLC directs, controls and ratifies the actions of the Defendant Blue Brownies, LLC, including the infringing activities identified above.

27. Before and after notification on February 13, 2009, the Defendants have infringed and continue to infringe one or more of the identified copyrights-at-issue in a willful, intentional and knowing manner.

28. In undertaking the conduct complained of in this action, all the Defendants (including Ms. Liles and Ms. Dudte personally) willfully, knowingly and intentionally violated the Plaintiff's copyright rights.

29. In undertaking the conduct complained of in this action, all the Defendants (including Ms. Liles and Ms. Dudte personally) continue to willfully, knowingly and intentionally violate the Plaintiff's copyright rights.

30. Defendants Ms. Liles and Ms. Dudte are personally liable for other Defendants' liability for copyright infringement because Ms. Liles and Ms. Dudte are the moving, active conscious force behind the other Defendants' infringement.

Original Complaint

31. The Plaintiff has given the Defendants a substantial amount of time to reform their activities, but the Defendants have not done so.

32. The Plaintiff has been damaged by the Defendants' actions, and the Plaintiff is entitled to compensatory and enhanced damages (as well as attorney fees and costs) resulting from the Defendants knowing, willful, and intentional infringement of the Plaintiff's copyright rights.

33. The Plaintiff is entitled a preliminary and permanent injunction against any further infringing acts committed by the Defendants, or anyone acting in concert with those Defendants.

## COUNT II
### Misappropriation and Unfair Competition

34. Plaintiff repeats and realleges the allegations of paragraphs 1-15 as if fully set forth herein.

35. None of the defendants produced, sold, and/or assisted anyone with the production and sale of substantially similar jewelry products prior to the creation and formation of the Plaintiff's business.

36. None of the Defendants manufactured or sold substantially similar jewelry products prior to the creation and formation of the Plaintiff's business.

37. The Defendants began to manufacture, market, and sell substantially similar interchangeable jewelry products because of the presence of the Plaintiff's products in the market.

38. The Defendants have marketed and sold jewelry products that unlawfully duplicate the Plaintiff's products, including the interchangeable functionality of the Plaintiff's products.

Original Complaint

39. The Defendants have improperly misappropriated information regarding the design, physical dimensions and specifications of the Plaintiff's jewelry products, including the interchangeable functionality of the Plaintiff's products.

40. The Defendants have gained an unfair advantage in the marketplace by capitalizing on the design, physical dimensions and specifications of the Plaintiff's jewelry products, including the interchangeable functionality of the Plaintiff's products.

41. The Plaintiff has a pecuniary interest to information regarding the design, physical dimensions and specifications of the Plaintiff's jewelry products, including the interchangeable functionality of the Plaintiff's products.

42. The Defendants have profited from the improper use of Plaintiff's information relating to its jewelry products, including the interchangeable functionality of the Plaintiff's products.

43. The improper and unauthorized use, duplication, and copying of information regarding the Plaintiff's jewelry products, including the interchangeable functionality of the Plaintiff's products, has damaged, and will continue to damage, the Plaintiff's business.

44. The Defendants acts have caused and will continue to cause injury to Plaintiff for which Plaintiff is entitled to relief that includes damages, enhanced damages and attorney fees, which should be awarded to the Plaintiff.

45. The Defendants' actions have caused and will continue to cause immediate and irreparable injury to Plaintiff for which Plaintiff is entitled to injunctive relief.

## COUNT III
**Trademark Infringement 15 U.S.C. § 1114**

46. Plaintiff repeats and realleges the allegations of paragraphs 1-10 as if fully set forth herein.

Original Complaint

47. Plaintiff owns all right, title and interest to the federal trademark "Snap Caps," United States Trademark Registration No. 3,626,432 ("the '432 Registration"), for use on "jewelry," as well as United States Suppl. Trademark Reg. 3629090 for "THE ORIGINAL INTERCHANGEABLE BOTTLE CAP NECKLACE®" for use with "jewelry."

48. Plaintiff uses, directly or through its distributors, the trademark Snap Caps® on jewelry.

49. The Defendants have, without consent of the Plaintiff registrant, directly or indirectly used in commerce a reproduction, counterfeit, copy or colorable imitation of the '432 Registration in connection with the sale, offering for sale, distribution, or advertising of goods, which such use is likely to cause confusion, mistake or deception.

50. The Defendants have, without consent of the Plaintiff registrant, directly or indirectly reproduced, counterfeited, copied or colorably imitated the '432 Registration on labels, signs, prints, packages, wrappers, receptacles, webpages or advertisements as used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods, which such use is likely to cause confusion, mistake or deception.

51. The Defendants use and have used the mark Snap Caps® or a substantially similar trademark in commerce, and in its advertising associated with the sale of infringing merchandise and jewelry.

52. The Defendants' use of Snap Caps® or a substantially similar trademark is likely to have caused confusion, mistake or deception in the consuming public, all activities proscribed by 15 U.S.C. § 1114.

53. Upon information and belief, the acts of the Defendants have been and are committed with the intention to cause confusion, mistake, and deception.

Original Complaint

54. The Defendants' usage of the mark Snap Caps® or a substantially similar trademark is unauthorized by the registrant Plaintiff, and constitutes an infringement of the Plaintiff's trademark rights under Title 15 of the United States Code.

55. Defendant Charlotte Liles as owner, officer/director and/or managing agent of Blue Brownies, LLC directs, controls and ratifies the actions of the Defendant Blue Brownies, LLC, including the infringing activities identified above.

56. Defendant Krista Dudte owner, officer/director and/or managing agent of Blue Brownies, LLC directs, controls and ratifies the actions of the Defendant Blue Brownies, LLC, including the infringing activities identified above.

57. After notification on February 13, 2009, the Defendants have infringed and continue to infringe the identified trademark in a willful, intentional and knowing manner.

58. In undertaking the conduct complained of in this action, all the Defendants (including Ms. Liles and Ms. Dudte personally) willfully, knowingly and intentionally violated the Plaintiff's trademark rights.

59. In undertaking the conduct complained of in this action, all the Defendants (including Ms. Liles and Ms. Dudte personally) continue to willfully, knowingly and intentionally violate the Plaintiff's trademark rights.

60. The Plaintiff has been, and will continue to be, damaged by the Defendant's acts, business activities, and business operations with respect to the use of the '432 Registration.

61. The Plaintiff is entitled to recover damages as set forth in 15 U.S.C. § 1114, and the Plaintiff is entitled to a preliminary and permanent injunction preventing any further infringement of the Snap Caps® trademark registration by any of the Defendants.

Original Complaint

## COUNT IV
### False Designation/Description 15 U.S.C. § 1125(a)

62. Plaintiff repeats, realleges and incorporates the allegations of paragraphs 1-10 and 46-61 as if fully set forth herein.

63. Snap Caps® or a substantially similar trademark is directly connected by the consuming public with the Plaintiff's business activities.

64. Defendant's acts and business activities have included various concerning behavior and actions, such as using the phrase "Click It Caps," on its website in connection with the use in commerce, sale, and offering for sale of interchangeable bottlecap necklaces.

65. Defendants have cooperatively, actively, and willfully infringed the Plaintiff's trademark rights by advertising, making, distributing, and selling infringing jewelry products that possess the name "Click It Caps," as well as offering a confusingly similar product line using that tagline and other trademark or slogans that are likely to create consumer confusion.

66. Defendant's acts and business activities are likely to cause confusion, mistake, and and/or deception as to the origin, sponsorship, and/or approval of Defendant's products and services vis-à-vis the Plaintiff's products.

67. Defendant's acts and business activities are likely to cause confusion, mistake, and/or deception as to the affiliation, connection, and association of the Defendants' business vis-à-vis the Plaintiff's business.

68. Defendant's acts and business activities constitute false designations of origin and/or false descriptions of source in violation of 15 U.S.C. 1125(a).

69. Defendant Charlotte Liles as owner, officer/director and/or managing agent of Blue Brownies, LLC directs, controls and ratifies the actions of the Defendant Blue Brownies, LLC, including the infringing activities identified above.

Original Complaint

70. Defendant Krista Dudte owner, officer/director and/or managing agent of Blue Brownies, LLC directs, controls and ratifies the actions of the Defendant Blue Brownies, LLC, including the infringing activities identified above.

71. After notification on February 13, 2009, the Defendants have infringed and continue to violate §43(a) of the Lanham Act in a willful, intentional and knowing manner.

72. In undertaking the conduct complained of in this action, all the Defendants (including Ms. Liles and Ms. Dudte personally) willfully, knowingly and intentionally violated the Plaintiff's trademark rights.

73. In undertaking the conduct complained of in this action, all the Defendants (including Ms. Liles and Ms. Dudte personally) continue to willfully, knowingly and intentionally violate the Plaintiff's trademark rights.

74. As a result of confused with the Defendant's acts, business activities, or businesses, the Plaintiff's business has incurred or will likely incur significant damages.

75. The Plaintiff is entitled to damages resulting from the Defendants' acts in violation of 15 U.S.C. § 1125(a), and the Plaintiff is entitled to a preliminary and permanent injunction against further violations of 15 U.S.C. § 1125(a) by the Defendants.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(i) Adjudge that one or more of the Defendants have violated the Plaintiff's copyright rights to any of the three identified copyright registrations,

(ii) Adjudge that the Defendants' acts constitute copyright infringement,

(iii) Adjudge that one or more Defendants' acts constitute willful copyright violations

(iv)  Award Plaintiff all appropriate damages against each Defendant as a result of Defendants' copyright infringement, including compensatory damages and exemplary damages,

(v)  Preliminarily and permanently enjoin each of the Defendants, and anyone acting in concert therewith, from any further acts of copyright infringement,

(vi)  Adjudge the Defendants to have committed unfair competition and misappropriation in violation of Texas state law;

(vii)  Award the Plaintiff damages against each Defendant suffered as a result of Defendants' acts of unfair competition and misappropriation,

(viii)  Preliminarily and permanently enjoin Defendants, and any other person or entity in concert or participation with the Defendants, from engaging in any further acts of unfair competition or misappropriation;

(ix)  Adjudge the Defendants to have committed acts of trademark infringement and/or violations of §43(a) of the Lanham Act;

(x)  Award the Plaintiff damages suffered against each Defendant as a result of Defendants' acts of trademark infringement and/or violations of §43(a) of the Lanham Act;

(xi)  Preliminarily and permanently enjoin Defendants, and any other person or entity in concert or participation with the Defendants, from engaging in any further acts of trademark infringement and/or violations of §43(a) of the Lanham Act;

(xii)  Award Plaintiff all costs, expenses, and attorney's fees that Plaintiff is entitled to under federal or Texas law;

Original Complaint

(xiii)   Award Plaintiff pre-judgment and post-judgment interest on any and all monetary awards; and

(xiv)   Award such other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable in this Action.

Respectfully submitted,

December 15, 2009
Date

/s/ D. Scott Hemingway
D. Scott Hemingway
Attorney-in-Charge
Texas Bar No. 09407880
Eugenia S. Hansen
Hemingway & Hansen, LLP
1717 Main Street, Suite 2500
Dallas, Texas 75201
Ph: (214) 292-8301
Fax: (214) 739-5209
**Attorneys for
Plaintiff M3Girl Designs, LLC**

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
M3 Girl Designs, LLC,

## DEFENDANTS
Blue Brownies, LLC, Ms. Liles, & Ms. Dudte

(b) County of Residence of First Listed Plaintiff: Dallas, Texas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Pulaski County, Ark.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
DEC 15 2009
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

(c) Attorney's (Firm Name, Address, and Telephone Number)
D. Scott Hemingway, Hemingway & Hansen, LLP, ___ Main St.,
Ste. 2500, Dallas, Texas 75201

Attorneys (If Known)
3-09CV2390-F

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 U.S.C. Sections 101, et seq.; 15 U.S.C. Sections 1114, 1125, et seq.
Brief description of cause:
Copyright & Trademark Infringement (Section 43(a) Lanham Act Violation)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 12/15/2009
SIGNATURE OF ATTORNEY OF RECORD: D. Scott Hemingway

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____