## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **M3 GIRL DESIGNS, LLC** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3-09CV2390-F** |
| | § | |
| **BLUE BROWNIES, LLC** | § | |
| **and KRISTA DUDTE,** | § | |
| **Defendants.** | § | |

### SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS

COME NOW Defendants **BLUE BROWNIES, LLC** ("Blue Brownies") and

**KRISTA DUDTE** ("Dudte"), and file this Supplemental Memorandum of Law in

Support of Defendants' Motion to Dismiss Plaintiff's State Law Claims under Rule

12(b)(6) of the Federal Rules of Civil Procedure.  For same, Defendants Blue Brownies

and Dudte respectfully show the Court as follows:

### I.

### Plaintiff's State Law Claims are Preempted Further by Federal Patent Law

Under the Supremacy Clause of the United States Constitution, no state may enact

unfair competition laws that "give protection of a kind that clashes with the objectives of

the federal patent laws."[1]  Like its Copyright Clause, the Constitution's Patent Clause

grants Congress the authority "[t]o promote the Progress of Science and useful Arts, by

securing for limited Times to Authors and Inventors the exclusive Right to their

respective Writings and Discoveries."[2]  This provision empowers the federal government

---

[1] *Sears, Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 231 (1964).
[2] U.S. Const. art. I, § 8, cl. 8.



to grant patent and copyright rights which are "national in scope."[3]   Congress has accordingly established a federal patent system which grants inventors of original items or processes the exclusive control over the commercial use of their work for a limited number of years.[4]

This system reflects "a compromise between competing policy interests,"[5] i.e. promoting innovation by granting an inventor the exclusive authority to make, use, sell, or license the patented product or process with the United State for a prescribed period of time,[6] while striving "… to insure competition in the sale of identical or substantially identical products" which are not subject to patents and are in the public domain.[7]

Further, by establishing standards for granting federal patent protection, the patent laws indicate "not only which articles … Congress wished to protect, but which configurations it wished to remain free."[8]   A product or process which does not meet federal patent standards, "… is in the public domain and may be made and sold by whoever chooses to do so."[9]   This policy of ensuring free competition, it has been said, "runs deep in our law."[10]

The balancing of these interests by the Supreme Court in *Sears, Roebuck & Co. v. Stiffel Co.*[11] and *Compco Corp. v. Day-Brite Lighting, Inc.*[12] led to the ruling therein that

---

[3] *See also Goldstein v. California,* 412 U.S. 546, 556 (1973).
[4] A utility patent is available for 17 years for "any new and useful" product or process.  35 U.S.C. § 101. A design patent is similarly available for up to 14 years for any "new, original, and ornamental" design for an article of manufacture.  35 U.S.C. § 171.
[5] *Dawson Chemical Co. v. Rohm & Haas Co.,* 448 U.S. 176, 221 (1980).
[6] *See* 35 U.S.C. § 271.  Such exclusivity is not freely given, however.  *See Graham v. John Deere Co.,* 383 U.S. 1, 9 (1966) ("Only inventions and discoveries which furthered human knowledge, and were new and useful, justified the special inducement of a limited private monopoly.").
[7] *Goldstein,* 412 U.S. at 569.
[8] *Id..*
[9] *Sears, Roebuck & Co. v. Stiffel Co.,* 376 U.S. 225, 231 (1964).
[10] *Dawson Chemical Co.,* 448 U.S. at 221.
[11] 376 U.S. 225 (1964).

states may not prohibit the copying of a product that is within the subject matter of the

patent laws but not the subject of a valid federal patent.  The lower courts in both cases

found that certain state unfair competition laws had been violated by the defendants'

manufacture and sale of light fixtures which were identical copies of unpatented fixtures

originally designed and marketed by the plaintiffs.  The Supreme Court reversed, holding

that the state law claims were indeed preempted by Federal Patent Law.[13]

In so holding, the Court emphasized that the patent system is designed "... to

promote invention while at the same time preserving free competition."[14]  Given this

balance, the Court held, allowing a state to forbid the *copying* of an unpatented article

"would be to permit the State to block off from the public something which federal law

has said belongs to the public."[15]  Such a state law is preempted, the Court concluded, for

it would effect "too great an encroachment on the federal patent system to be tolerated."[16]

> ... [W]hen an article is unprotected by a patent or copyright, state law
> may not forbid others to copy that article.  To forbid copying would
> interfere with the federal policy, found in art. I,  § 8, cl. 8, of the
> Constitution and in the implementing federal statutes, of allowing free
> access to copy whatever the federal patent and copyright laws leave in the
> public domain.  ...  Under the federal patent laws it is, therefore, in the
> public domain and can be copied in every detail by whoever pleases.[17]

Although the Court in *Sears* and *Compco* prohibited the imposition of liability for

the mere act of copying, it recognized that a state could require goods to be properly

labeled to ensure that there is no misrepresentation by the copier with respect to their

---

[12] 376 U.S. at 234.
[13] *Sears,* 376 U.S. at 230-31.
[14] *Id.*
[15] *Sears,* 376 U.S. at 232.  This right includes the right to copy the article's "every detail." *Compco,* 376 U.S. at 238.
[16] *Sears,* 376 U.S. at 232.
[17] 376 U.S. at 237-38.

source.[18]   In so doing, the Court emphasized the primary precept of federal preemption law, i.e., that states may not restrict the mere act of copying unpatented products which are in the public domain under the pretext of unfair competition.   In other words, state law cannot prevent one from doing what it has "... every right to do under the federal patent law" – copy another company's idea and sell a nearly identical product.[19]

By its own pleadings, this is *all* Defendants are alleged to have done in violation of state law.[20]   The subject matter Plaintiff seeks to protect with its unfair competition through misappropriation claims are therefore clearly within the scope of the Patent Act, and thus clearly preempted thereby.   The Patent Act provides: "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, of any new and useful improvement thereof, may obtain a patent therefore, subject to the conditions and requirements of this title.[21]

Plaintiff argues that its '... state law misappropriation and unfair competition claims are directed to the magnetic backing and metal accessories used in the "functional interchangeability" aspects of... its bottle cap jewelry.[22]   In fact, Count II of Plaintiff's Original Complaint for "Misappropriation and Unfair Competition" sues simply for the alleged production and sale by Defendants of "jewelry products that unlawfully duplicate the Plaintiff's products...."[23]   Said claims are based on Plaintiff's assertion that Defendants "...purposefully, willfully and with bad faith intent *copied* the jewelry design created by Plaintiff, including using the unique concept of selling jewelry designs on the

---

[18] *See Sears, 376 U.S. at 232-33.*
[19] *Id.* at 232.
[20] Plaintiff's Sur-Reply at ¶.C.3 (Docket Entry #21).
[21] 35 USC §101.
[22] Plaintiff's Sur-Reply at ¶.C.3 (Docket Entry #21).
[23] Plaintiff's Original Complaint at ¶¶35-45 (Docket Entry #1).

interior (inside) of the bottle cap and allowing for those jewelry designs to be interchanged with other jewelry designs."[24]   It is this and only this *conduct* of which Plaintiff complains in furtherance of its state law assertions.

The conflict between Plaintiff's state law claims and the federal patent system is therefore clear.   As noted above, Congress has determined that product features or processes which are not sufficiently inventive to warrant patent protection or are not otherwise patented should be freely available for copying "in every detail by whoever pleases" to further notions of free competition.[25]   Plaintiff's state law claims seek to stifle this competition by banning Defendants' copying of an unpatented product feature/function.   Such a measure would be "too great an encroachment on the federal patent system to be tolerated."[26]   For, the protection of said product feature/function – i.e., the "interchangeable functionality" of Plaintiff's jewelry products - is precisely what the federal patent law system is intended to determine.   Under that system, the "interchangeable functionality" of Plaintiff's jewelry products is free for all to use unless protected under Federal Patent Law.

Plaintiff's state law claims for unfair competition through Defendant's alleged misappropriation of Plaintiff's jewelry designs/products is therefore further preempted by Federal Patent Law, and should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6) for their failure to state a claim on which relief may be granted against Defendants herein.

---

[24] *Id.* at ¶34 (whereby Plaintiff specifically incorporates the factual allegations and conduct on which its Copyright Infringement claims are based into those for "Misappropriation and Unfair Competition") (Docket Entry #1).

[25] *See Compco,* 376 U.S. at 238.  See also Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141 (1989) ("Free exploitation of ideas [is] the rule, to which the protection of a federal patent is the exception.").

[26] *Sears, 376 U.S. at 232.* n16

Respectfully submitted,

**DON MARTINSON**
*(attorney in charge)*
Texas State Bar No. 13144700
**MARC H. FANNING**
Texas State Bar No. 06805400
LESLIE ECHOLS PITTS
Texas State Bar No. 00784007
**FANNING HARPER MARTINSON
BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Per Fed.R.Civ.P. 5(b), I certify that on the 30 of July, 2010, I electronically filed per Local Rule 5.1(d) of the Northern District of Texas the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

D. Scott Hemingway                                  Counsel for Plaintiff
Eugenia S. Hansen
Hemingway & Hansen, L.L.P.
1717 Main Street, Suite 2500
Dallas, TX 75201

**DON MARTINSON**