**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **M3 GIRL DESIGNS, LLC** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3-09CV2390-F** |
| | § | |
| **BLUE BROWNIES, LLC** | § | |
| **and KRISTA DUDTE,** | § | |
| **Defendants.** | § | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR PATENT PREEMPTION, OR FOR ITS PRIOR ARGUMENT OF COPYRIGHT PREEMPTION

COME NOW Defendants **BLUE BROWNIES, LLC** ("Blue Brownies") and **KRISTA DUDTE** ("Dudte"), and file this Reply to Plaintiff's Response in Opposition to Defendants' Motion to Dismiss for Patent Preemption, or for its Prior Argument of Copyright Preemption, filed August 25, 2010 ("Plaintiff's August 25, 2010 Response"). For same, Defendants Blue Brownies and Dudte respectfully show the Court as follows:

**I.**

Defendants' Rule 12(b)(6) Motion to Dismiss State Law Claims Due to Federal Preemption, filed January 11, 2010, is pending before this Court. *See* Docket #7. Plaintiff M3 Girl Designs, LLC ("M3 Girl") filed a response to same on February 1, 2010, *See* Docket #11, and Defendants replied to same on February 24, 2010, *See* Docket #15. A hearing was held on March 22, 2010, at which time Plaintiff was granted leave to file a Sur-Reply relative to Defendants' federal preemption arguments. *See* Docket #21. Per the Court's request, Defendants filed a reply to Plaintiff's Sur-Reply on April 1, 2010. *See* Docket #23.

## II.

In direct response to the various arguments and explanations offered by Plaintiff as to why its state law claims against Defendants are not subject to federal copyright preemption, Defendants sought leave of court on July 30, 2010, to file a Supplemental Memorandum of Law in Support of Defendants' Motion to Dismiss State Law Claims due to federal patent preemption. *See* Docket #36. Defendants' Motion for Leave to file the supplemental preemption briefing was granted, *See* Docket #38, and the same filed, *See* Docket #39, on August 11, 2010.

## III.

At no time; however, have Defendants ever abandoned their federal copyright preemption arguments, as Plaintiff's latest filing suggests.[1] The filing of Defendants' supplemental preemption briefing was also not an amendment by Defendants of their pending Rule 12(b)(6) Motion to Dismiss State Law Claims Due to Federal Preemption, as Plaintiff further suggests, the grounds for same being broad enough instead to plainly and unambiguously encompass both copyright and patent preemption.[2]

While the parties' preemption briefing was initially focused on copyright preemption, this was due to the manner in which Plaintiff's state law claims were asserted in its Original Complaint herein; not to limit Defendant's federal preemption defense to Plaintiff's state law claims in any way. Plaintiff's efforts to explain why its'

---

[1] *See* Plaintiff's August 25, 2010 Response. Plaintiff also suggests that Defendants' patent preemption briefing is a waste of the Court's time and parties' money. Defendants are confused by this inasmuch as the same is necessitated by Plaintiff's misguided efforts to hold Defendants liable under state law when the relief sought is clearly governed and thus preempted by federal law, as demonstrated by the face of Plaintiff's Original Complain, *See* Docket #1, and various responses/replies to Defendants' pending Motion to Dismiss.

[2] *See* Defendants' Rule 12(b)(6) Motion to Dismiss State Law Claims Due to Federal Preemption.

state law claims are not subject to federal *copyright* preemption gave rise to Defendants' Supplemental Memorandum of Law on the application of federal *patent* preemption.

**IV.**

In its Order granting Defendants leave to file that Supplemental Memorandum of Law, the Court allowed Plaintiff "...until August 25, 2010 to file its response to..." same.[3] At no time did Plaintiff seek or the Court grant Plaintiff leave to amend or even supplement its prior Response or Sur-Reply to Defendants' Motion to Dismiss State Claims Due to Federal Preemption. Therefore, to the extent Plaintiff's August 25, 2010 Response goes beyond responding to the matters and arguments raised in Defendants' Supplemental Memorandum of Law, the same should be stricken and in all things disregarded by the Court.

Respectfully submitted,

**DON MARTINSON**
*(attorney in charge)*
Texas State Bar No. 13144700
**MARC H. FANNING**
Texas State Bar No. 06805400
LESLIE ECHOLS PITTS
Texas State Bar No. 00784007
**FANNING HARPER MARTINSON BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)

**ATTORNEYS FOR DEFENDANTS**

[3] *See* the Court's August 11, 2010 "Order Granting Defendants' Motion for Leave to File Supplemental Memorandum of Law."

**CERTIFICATE OF SERVICE**

Per Fed.R.Civ.P. 5(b), I certify that on the 30th of August 2010, I electronically filed per Local Rule 5.1(d) of the Northern District of Texas the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

D. Scott Hemingway
Eugenia S. Hansen
Hemingway & Hansen, L.L.P.
1717 Main Street, Suite 2500
Dallas, TX 75201

Counsel for Plaintiff

**DON MARTINSON**