IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **M3 GIRL DESIGNS, LLC** | § | |
| **a Texas Limited Liability Company** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 3-09CV2390-F** |
| | § | |
| **BLUE BROWNIES, LLC** | § | |
| **And KRISTA DUDTE,** | § | |
| **Defendants.** | § | |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

COME NOW Defendants Blue Brownies, LLC ("Blue Brownies) and Krista Dudte ("Dudte") (collectively "Defendants") and file this Original Answer to Plaintiff's Original Complaint and would respectfully show the Court as follows:

## I.

## ANSWER

A Final Consent Judgment [Doc. No. 25] was entered on Plaintiff's Original Complaint [Doc. No. 1] against Charlotte Liles on July 21, 2010.  To the extent the allegations of the Original Complaint are directed or relate to Plaintiff's suit against Charlotte Liles, no response is required of the above-named Defendants.  An Order Granting Defendants' Motion to Dismiss Plaintiff's State Law Claims Due to Federal Preemption [Doc. No. 42] was entered on October 4, 2010.  To the extent the allegations of Plaintiff's Original Complaint seek recovery under Texas state law, no response is likewise required of the above-named Defendants.  Subject to said rulings, Defendants answer Plaintiff's Original Complaint as follows, denying each and every allegation contained therein unless explicitly admitted herein:

### *Plaintiff's Party Allegations*

1.      Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 1 of the Original Complaint, and therefore deny each and every such allegation.

2.      Defendants admit the allegations contained in Paragraph 2 of the Original Complaint.

3.      Defendants admit that Charlotte Liles lives in Arkansas, but deny each and every other allegation contained in Paragraph 3 of the Original Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Original Complaint.

### *Plaintiff's Jurisdiction and Venue Allegations*

5.      Defendants admit that Plaintiff has asserted claims purporting to arise under the Copyright laws of the United States and Texas common law. Defendants deny that Plaintiff has stated any claim for which relief can be granted and deny all alleged violations of any law as set forth in Paragraph 5 of the Original Complaint.

6.      Defendants admit that they are subject to personal jurisdiction in this Court, and are presently unaware of any facts indicating that this Court lacks subject jurisdiction over this Action.  Defendants deny each and every remaining allegation contained in Paragraphs 6 of the Original Complaint.

7.      Defendants admit that venue is proper in the Northern District of Texas.

### *Plaintiff's Factual Background Allegations*

8.      Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Original Complaint concerning the origin of Plaintiff's

business, and, therefore, deny such allegations. Defendants deny that the necklaces sold by Plaintiff have "unique artwork," and deny each and every remaining allegation in Paragraph 8 of the Original Complaint.

9.      Defendants admit the allegations contained in Paragraph 9 of the Original Complaint.

10.     Defendants admit the allegations contained in Paragraph 10 of the Original Complaint.

11.     Defendants admit that United States Copyright Registrations Nos. VA 1-665-063, VA 1-684-413, and VA 1-665-059 have been obtained, but are without knowledge or information sufficient to admit or deny that they have been assigned to Plaintiff, and therefore deny such allegations. Defendants deny each and every remaining allegation in Paragraph 11 of the Original Complaint.

12.     Defendants deny each and every allegation contained in Paragraph 12 of the Original Complaint.

13.     Defendants deny each and every allegation contained in Paragraph 13 of the Original Complaint.

14.     Defendants deny each and every allegation contained in Paragraph 14 of the Original Complaint.

15.     Defendants deny each and every allegation in contained Paragraph 15 of the Original Complaint.

16.     Defendants deny each and every allegation in contained Paragraph 16 of the Original Complaint.

17.     Defendants admit that they produce magnetic boards for displaying Defendants' bottle cap jewelry, but deny each and every remaining allegation contained in Paragraph 17 of the Original Complaint.

### *Plaintiff's Copyright Infringement Allegations (Count I)*

18.     Defendants incorporate by reference each and every one of the foregoing responses as though fully set forth at this point at length.

19.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of the Original Complaint and, therefore, deny each and every such allegation.

20.     Defendants are without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Original Complaint and, therefore, deny each and every such allegation.

21     Defendants deny each and every allegation contained in Paragraph 21 of the Original Complaint.

22.     Defendants admit that Plaintiff sent a letters dated February 12, 2009 and May 15, 2009, but deny that any infringement has occurred. Defendants deny each and every remaining allegation contained in Paragraph 22 of the Original Complaint.

23.     Defendants admit that in Paragraph 23 of the Original Complaint, Plaintiff has quoted limited statements from correspondence sent by Defendants.  Defendants deny each and every remaining allegation contained in Paragraph 23 of the Original Complaint.

24.     Defendants deny each and every allegation contained in Paragraph 24 of the Original Complaint.

25.      Defendants deny each and every allegation in Paragraph 25 of the Original Complaint.

26.      Defendants deny each and every allegation in Paragraph 26 of the Original Complaint.

27.      Defendants deny each and every allegation in Paragraph 27 of the Original Complaint.

28.      Defendants deny each and every allegation in Paragraph 28 of the Original Complaint.

29.      Defendants deny each and every allegation in Paragraph 29 of the Original Complaint.

30.      Defendants deny each and every allegation in Paragraph 30 of the Original Complaint.

31.      Defendants deny each and every allegation in Paragraph 31 of the Original Complaint.

32.      Defendants deny each and every allegation in Paragraph 32 of the Original Complaint.

33.      Defendants deny each and every allegation in Paragraph 33 of the Original Complaint.

### *Plaintiff's Misappropriation and Unfair Competition (Count II)*

34.      Defendants incorporate by reference each and every one of the foregoing responses as though fully set forth at this point at length.

35.      Defendants deny that they sell "substantially similar jewelry products" and therefore deny each and every allegation contained in Paragraph 35 of the Original Complaint.

36.     Defendants deny that they sell "substantially similar jewelry products" and therefore deny each and every allegation contained in Paragraph 36 of the Original Complaint.

37.     Defendants deny each and every allegation contained in Paragraph 37 of the Original Complaint.

38.     Defendants deny each and every allegation contained in Paragraph 38 of the Original Complaint.

39.     Defendants deny each and every allegation in Paragraph 39 of the Original Complaint.

40.     Defendants deny each and every allegation contained in Paragraph 40 of the Original Complaint.

41.     Defendants deny each and every allegation contained in Paragraph 41 of the Original Complaint.

42.     Defendants deny each and every allegation contained in Paragraph 42 of the Original Complaint.

43.     Defendants deny each and every allegation contained in Paragraph 43 of the Original Complaint.

44.     Defendants deny each and every allegation contained in Paragraph 44 of the Original Complaint.

45.     Defendants deny each and every allegation contained in Paragraph 45 of the Original Complaint.

*Plaintiff Trademark Infringement (Count III)*

46.     Defendants incorporate by reference each and every one of the foregoing responses as though fully set forth at this point at length.

47.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 47 of the Original Complaint concerning the extent of Plaintiff's "right, title and interest to the federal trademark "Snap Caps" and, therefore, deny the allegations contained in Paragraph 47 of the Original Complaint.

48.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Original Complaint concerning Plaintiff's business operations, and, therefore, deny the allegations contained in Paragraph 48 of the Original Complaint.

49.     Defendants deny each and every allegation contained in Paragraph 49 of the Original Complaint.

50.     Defendants deny each and every allegation contained in Paragraph 50 of the Original Complaint.

51.     Defendants deny each and every allegation contained in Paragraph 51 of the Original Complaint.

52.     Defendants deny each and every allegation contained in Paragraph 52 of the Original Complaint.

53.     Defendants deny each and every allegation contained in Paragraph 53 of the Original Complaint.

54.     Defendants deny each and every allegation contained in Paragraph 54 of the Original Complaint.

55.     Defendants deny each and every allegation contained in Paragraph 55 of the Original Complaint.

56.     Defendants deny each and every allegation contained in Paragraph 56 of the Original Complaint.

57.     Defendants deny each and every allegation contained in Paragraph 57 of the Original Complaint.

58.     Defendants deny each and every allegation contained in Paragraph 58 of the Original Complaint.

59.     Defendants deny each and every allegation contained in Paragraph 59 of the Original Complaint.

60.     Defendants deny each and every allegation contained in Paragraph 60 of the Original Complaint.

61.     Defendants deny each and every allegation contained in Paragraph 61 of the Original Complaint.

### *Plaintiff's False Designation/Description Allegations (Count IV)*

62.     Defendants incorporate by reference each and every one of the foregoing responses as though fully set forth at this point at length.

63.     Defendants deny each and every allegation contained in Paragraph 63 of the Original Complaint.

64.     Defendants deny each and every allegation contained in Paragraph 64 of the Original Complaint.

65.     Defendants deny each and every allegation contained in Paragraph 65 of the Original Complaint.

66.     Defendants deny each and every allegation contained in Paragraph 66 of the Original Complaint.

67.     Defendants deny each and every allegation contained in Paragraph 67 of the Original Complaint.

68.     Defendants deny each and every allegation contained in Paragraph 68 of the Original Complaint.

69.     Defendants deny each and every allegation contained in Paragraph 69 of the Original Complaint.

70.     Defendants deny each and every allegation contained in Paragraph 70 of the Original Complaint.

71.     Defendants deny each and every allegation contained in Paragraph 70 of the Original Complaint.

72.     Defendants deny each and every allegation contained in Paragraph 72 of the Original Complaint.

73.     Defendants deny each and every allegation contained in Paragraph 73 of the Original Complaint.

74.     Defendants deny each and every allegation contained in Paragraph 74 of the Original Complaint.

75.     Defendants deny each and every allegation contained in Paragraph 75 of the Original Complaint.

Defendants deny that Plaintiff is entitled to any relief or judgment in its favor.

## II.

## AFFIRMATIVE DEFENSES

### *Affirmative Defense No. 1*

76.     Plaintiff's copyright claims are barred, in whole or in part, because the alleged works are not protectable because:

        a.      One or more of the alleged works lack the requisite originality;

b.   One or more of the alleged works are not owned by Plaintiff because they are primarily derived from third-party works;

c.   One or more of the alleged works are subject to the merger doctrine because the idea is inseparably tied to the expression of the idea;

d.   One or more of the alleged works are subject to the *scenes a faire* doctrine because the work contains features that are inseparable or standard for such a work;

e.   One or more of the alleged works are merely business ideas or concepts that may not be copyrighted; and/or

f.   One or more of the alleged works was not timely registered.

### *Affirmative Defense No. 2*

77.   Plaintiff's copyright claims are unenforceable against Defendants, in whole or in part, because:

a.   Plaintiff has unclean hands based on its misconduct, fraud, and/or bad faith;

b.   Plaintiff has engaged in copyright misuse;

c.   One or more of Defendants' accused works are the product of independent effort by Defendants;

d.   One or more of Plaintiff's alleged works is merely a derivative work of substantially similar works created by third-parties and any alleged "incremental originality" is *de minimis*; and/or

e.   One or more of its alleged works failed to include a proper copyright notice.

---

*Affirmative Defense No. 3*

78.     According to Plaintiff's Original Complaint, Plaintiff claims a copyright in the following alleged jewelry designs: "Letters on Tye Dye," "Letters on Cheetah Spots," "Letters on Blue Polka Dots," "Crosses (7 versions)," "Cheer," "Peace Sign," "Peace," "Peace Fingers," "Ballerina Shoes," "Guitar," "I Love Gymnastics," "Soccer Ball," "Basketball," "Volleyball," "Football," "BFF {best friends forever)," "Cupcakes (3 versions)," "Ice Cream Cone," "Butterfly (4 versions)," "Horses," "Drama Queen," "Flowers (4 versions).

79.     Nothing in deposit materials obtained from the Copyright Office of the United States identifies these alleged jewelry designs by the titles assigned by Plaintiff in this action. The deposit materials do not appear to extend to any specific (singular) bottle-cap design, but rather (at most) to specific groupings of bottle-caps and/or photographs/marketing materials.

*Affirmative Defense No. 4*

80.     Defendants incorporate by reference Paragraphs 78-79 as though fully set forth at this point at length.

81.     Upon information and belief, Plaintiff copied and utilized clip art that is in the public domain in one or more of the foregoing jewelry designs.  Plaintiff is not entitled to copyright protection in any design elements that are in the public domain.

82.     Upon information and belief, Plaintiff also copied or utilized clip art owned by third-parties in one or more of the foregoing jewelry designs.  Upon information and belief, Plaintiff lacked authorization to so use the clip art.  Plaintiff is not entitled to copyright protection in any design derivative of earlier third-party works.  Additionally, to the extent Plaintiff's work is itself an infringement of the copyrights in another's earlier third-party work, it is entitled to no copyright protection.

*Affirmative Defense No. 5*

83.     Defendants incorporate by reference Paragraphs 78-79 as though fully set forth at this point at length.

84.     A comparison between (1) the jewelry sold by Defendants and (2) the true representations of the deposit materials obtained from the Copyright Office of the United States for Copyright Registration Nos. VA I - 665-063, VA 1-684-413, and VA 1-665-059 indicates that Plaintiff is improperly attempting to claim copyright rights in the idea of bottle-cap jewelry rather than in a specific expression or design.  Plaintiff has no copyright or other exclusive right in the idea of depicting certain types of images (such as animal prints, letters, tie-dye, polka dots, crosses, megaphones, peace signs, ballet shoes, musical instruments, soccer balls, basketballs, volley balls, footballs, cupcakes, ice cream cones, butterflies, animals, and flowers) and/or common phrases or clichés (such as ""BFF," "Peace," "Cheer, "Drama Queen," and "Gymnastics") within a bottle-cap.

*Affirmative Defense No. 6*

85.     To the extent Defendants are found to have infringed upon one or more of Plaintiff's alleged copyrights, an allegation Defendants specifically and vehemently deny, Defendants were "innocent infringers" in that they were unaware and had no reason to believe that their acts or omissions constituted such an infringement.

*Affirmative Defense No.7*

86.     Plaintiff has no copyright or other exclusive right in the "interchangeable functionality" of its products. By statute, copyright protection is unavailable for "any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work." 17 U.S.C. §

102(b).  Plaintiff has no patent rights in its jewelry or other products, and has not asserted a claim for patent infringement.

87..    Explicit, step-by-step instructions for making bottle-cap magnets with images affixed to the interior (inside) of a bottle-cap were published and available to the public no later than 2003.

88.    The concept of bottle-cap jewelry is not unique to Plaintiff, and predates the formation of Plaintiff's business.

89.    The concept of interchangeable jewelry is not unique to Plaintiff, and predates the formation of Plaintiff's business.

### Affirmative Defense No. 8

90.    Plaintiff's trademark infringement and false designation claims are unenforceable against Defendants inasmuch as they are based on a word or phrase that is merely descriptive and thus not protected under the Lanham Act.

### Affirmative Defense No. 9

91.    Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Affirmative Defense No. 10

92.    Plaintiff's claims are barred, in whole or in part, by illegality.

### Affirmative Defense No. 11

93.    Defendants are entitled to recover their attorneys' fees and costs incurred in defending against Plaintiff's claims pursuant to 17 U.S.C. § 505.

### Affirmative Defense No. 12

94.    Plaintiff fails to state a claim upon which relief may be granted.

*Affirmative Defense No. 13*

95.     Defendants are entitled to recover their attorneys' fees and costs incurred in defending against Plaintiff's claims pursuant to 17 U.S.C. § 505.

## III.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, the parties pray for judgment that:

A.     Plaintiff take nothing by its claims against Defendants;

B.     Defendants be awarded their attorneys' fees, costs, and pre-and post-judgment interest; and

C.     Defendants be granted any further relief to which they are entitled.

Respectfully submitted,

**FANNING HARPER MARTINSON
BRANDT & KUTCHIN, P.C.**

By:     ___s/ Don Martinson___
**DON MARTINSON** *(attorney in charge)*
Texas State Bar No. 13144700
**MARC H. FANNING**
Texas State Bar No. 06805400
**LESLIE ECHOLS PITTS**
Texas State Bar No.  00784007
Two Energy Square
4849 Greenville Avenue, Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (fax)
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Per Fed.R.Civ.P. 5(b), I certify that on the __18th__ day of October, 2010, I electronically filed per Local Rule 5.1(d) of the Northern District of Texas the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

D. Scott Hemingway                     Counsel for Plaintiff
Eugenia S. Hansen
Hemingway & Hansen, L.L.P.
1717 Main Street, Suite 2500
Dallas, TX  75201


____s/ Don Martinson_____
**DON MARTINSON**